# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CMR ALARMS, INC.,<br>an Oklahoma Domestic For Profit<br>Business Corporation, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. CIV-17-1352-M |
| R & L FIRE AND SECURITY<br>SPECIALISTS, LLC, A KANSAS<br>LIMITED LIABILITY COMPANY, and<br>RAY LASKOWSKI, OWNER, | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ORDER

Before the Court is plaintiff's Application for Temporary Restraining Order, filed December 28, 2017. On December 19, 2017, plaintiff filed the instant action against defendants, alleging the following causes of action: (1) breach of contract, (2) declaratory judgment, and (3) injunctive relief. In its Complaint, plaintiff alleges that defendants made material misstatements in violation of the Account and Purchase and Sale Agreement ("Agreement") entered into by the parties and that defendants are obligated to indemnify and hold plaintiff harmless for damages which it may suffer. *See* Complaint at ¶ 12. Plaintiff further alleges that defendants have failed to transfer the telephone as required under the Agreement, have violated the non-interference clause of the Agreement through conduct reasonably anticipated to adversely affect plaintiff's interest in the subscriber agreements purchased by plaintiff, have failed to disclose the loss of accounts, and have attempted to cancel customer accounts by forging the name of Mike on the documents. *See* Complaint at ¶¶ 13-16. Plaintiff now moves this Court to issue a temporary restraining order directing defendants to (1) transfer the telephone line according to the terms of

the Agreement, (2) cease and desist from the cancellation of any customer monitoring agreements, (3) cease and desist from contacting any customers to redirect payments to defendants, and (4) turn over to plaintiff from the effective date of the Agreement all sums and payments collected by defendants for services and contracts purchased by plaintiff.

A movant seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal citation omitted). Whether to grant a preliminary injunction rests within the sound discretion of the trial court. *United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999). Further, "[a] plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video*, 269 F.3d at 1156.

Having carefully reviewed plaintiff's application and Complaint, the Court finds that plaintiff has not shown that it will suffer irreparable injury if this Court does not enter the requested temporary restraining order.[1] In its application and Complaint, plaintiff simply makes conclusory allegations regarding irreparable harm. Specifically, plaintiff asserts:

> 3. Unless restrained by the Court, there remains the potential of additional and immediate and irreparable harm to the Plaintiff.
> 4. The Plaintiff has no other adequate remedy but for the Court to issue a Temporary Restraining Order, without Notice.

---

[1] Because all four requirements for a temporary restraining order must be satisfied, and because the Court finds plaintiff has failed to satisfy the irreparable injury requirement, the Court declines to address the remaining three requirements.

Application for Temporary Restraining Order at 2. Plaintiff, however, never sets forth specifically what irreparable harm it will suffer. Additionally, plaintiff does not set forth why a monetary remedy after a full trial would not be effective and sufficient.

Accordingly, the Court DENIES plaintiff's Application for Temporary Restraining Order [docket no. 7].

**IT IS SO ORDERED this 3rd day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE